# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation, <br><br> Plaintiff, <br><br> v. <br><br> BENJAMIN EDWARD CASSINETTO, an individual, <br><br> Defendant. | 1:19-cv-00414-LJO-EPG <br><br> REQUEST FOR SUPPLEMENTAL BRIEFING RE MOTION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (ECF NO. 8) |

Great American Insurance Company ("GAIC" or "Plaintiff") filed a breach of contract action in this Court on March 29, 2019, alleging that Benjamin E. Cassinetto ("Defendant") breached an indemnity agreement Defendant signed in consideration of GAIC's issuance of a surety Executor's bond to Defendant in the amount of $1,020,000.00. ECF No. 1 at ¶¶ 5-8. Defendant required the bond as part of his service as the executor of a large estate in Tuolumne County, California. *See id*. The Complaint alleges that various legal judgments that exceed the amount of the bond have been entered against Defendant in an underlying state court dispute over that estate ("Estate Action"). *Id*. at ¶ 8. The Complaint further alleges that Defendant has failed to indemnify GAIC as promised in the indemnity agreement. *Id*. at ¶ 10. The Complaint invokes the diversity jurisdiction of this Court. *Id*. at ¶ 3. The case is still in its early stages. Judgment has yet to be entered.

Before the Court for decision is GAIC's motion for a right to attach order and order for issuance of writ of attachment pursuant to California's prejudgment attachment statutory scheme, set forth at

California Code of Civil Procedure §§ 481.010, *et seq*. ECF No. 8. Federal Rule of Civil Procedure 64 provides for prejudgment attachment and other prejudgment remedies. A United States district court, addressing a motion for prejudgment attachment in a diversity action, generally applies the law of the state in which the district court sits. *See* Fed. R. Civ. P. 64; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436-437 (1974); *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1063-64, n. 13 (9th Cir. 1991).

Generally, a prejudgment writ of attachment may be issued to secure the amount of the claimed indebtedness, as well as the estimated costs and allowable attorney's fees. Cal. Code Civ. Proc. § 482.110(b). The burden is on the moving party to establish entitlement to a writ of attachment. *Loeb and Loeb v. Beverly Glen Music, Inc.*, 166 Cal. App. 3d 1110, 1116 (1985). Pursuant to California law, an attachment may be issued "in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees." Cal. Civ. Pro. Code § 483.010(a). Critically, however, if an attachment is sought against a defendant who is a "natural person," as opposed to a corporation or other corporate form," the claim must arise "out of the conduct by the defendant of a *trade, business, or profession*." Cal. Code Civ. Proc. § 483.010(c)(emphasis added); *Kadison, Pfaelzer, Woodard, Quinn & Rossi v. Wilson,* 197 Cal. App. 3d 1, 4 (1987). "What constitutes a 'trade, business or profession' has yet to be definitively construed." *Douglas*, 2010 WL 1734903, at *2. Generally, however, it means an activity carried on "for the purpose of livelihood or profit *on a continuing basis*." *Nakasone v. Randall*, 129 Cal. App. 3d 757, 764 (1982) (emphasis added).

Here, the Court's review of the record does not reveal any obvious connection between Defendant's conduct as the Executor and his engagement in a trade, business or profession. To the contrary, there is information in the record that suggests Defendant was merely a relative of the decedent in the underling estate dispute. ECF No. 8-3 at 35 of 62. While it appears to be undisputed in the

2

underlying Estate Action that Defendant drafted the will for the decedent, nothing suggests he is regularly engaged in estate planning. *Id*. at 51 of 62 (indicating that Defendant conceded he did not have an attorney review the will he drafted).

Accordingly, on or before October 1, 2019, Plaintiffs are instructed to file a supplemental brief and/or declaration directing the Court's attention to information in the record or supplementing the record with information demonstrating satisfaction of the "trade, business or profession" requirement.

IT IS SO ORDERED.

Dated: **September 24, 2019**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE