| | |
|---|---|
| **GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**BENJAMIN EDWARD CASSINETTO, an individual,**<br><br>Defendant. | 1:19-cv-00414-LJO-EPG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT**<br>**(ECF NOS. 8 & 18)** |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

## **INTRODUCTION**

Great American Insurance Company ("GAIC" or "Plaintiff") filed a breach of contract action in this Court on March 29, 2019, alleging that Benjamin E. Cassinetto ("Defendant") breached an indemnity agreement Defendant signed in consideration of GAIC's issuance of a surety Executor's bond to Defendant in the amount of $1,020,000.00. ECF No. 1 at ¶¶ 5-8. Defendant required the bond as part of his service as the executor of a large estate in Tuolumne County, California. *See id*. The Complaint alleges that various legal judgments that exceed the amount of the bond have been entered against Defendant in an underlying state court dispute over that estate ("Estate Action"). *Id*. at ¶ 8. The Complaint further alleges that Defendant has failed to indemnify GAIC as promised in the indemnity agreement. *Id*. at ¶ 10. The Complaint invokes the diversity jurisdiction of this Court. *Id*. at ¶ 3. The case is still in its early stages. Judgment has yet to be entered.

Before the Court for decision is GAIC's motion for a right to attach order and order for issuance of writ of attachment pursuant to California's prejudgment attachment statutory scheme, set forth at California Code of Civil Procedure §§ 481.010, *et seq*. ECF No. 8. Federal Rule of Civil Procedure 64

1

provides for prejudgment attachment and other prejudgment remedies. A United States district court, addressing a motion for prejudgment attachment in a diversity action, generally applies the law of the state in which the district court sits. *See* Fed. R. Civ. P. 64; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436-37 (1974); *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1063-64, n.13 (9th Cir. 1991).

On September 24, 2019, the Court requested supplemental briefing from Plaintiff and/or a declaration directing the Court's attention to information in the record or supplementing the record with information demonstrating satisfaction of the "trade, business or profession" requirement. ECF No. 17. Plaintiff filed a supplemental brief on September 30, 2019. ECF No. 18.

## **DISCUSSION**

Generally, a prejudgment writ of attachment may be issued to secure the amount of the claimed indebtedness, as well as the estimated costs and allowable attorney's fees. Cal. Civ. Proc. Code § 482.110(b). The burden is on the moving party to establish entitlement to a writ of attachment. *Loeb and Loeb v. Beverly Glen Music, Inc.*, 166 Cal. App. 3d 1110, 1116 (1985).[1] Pursuant to California law, an attachment may be issued "in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees." Cal. Civ. Proc. Code § 483.010(a). Critically, however, if an attachment is sought against a defendant who is a "natural person," as opposed to a corporation or other corporate form, the claim must arise "out of the conduct by the defendant of a *trade, business, or profession*." Cal. Civ. Proc. Code § 483.010(c) (emphasis added); *Kadison, Pfaelzer, Woodard, Quinn & Rossi v. Wilson,* 197 Cal. App. 3d 1, 4 (1987). "What constitutes a 'trade, business or profession' has yet to be definitively construed."

---

[1] It is of no consequence to this burden that Defendant did not oppose the motion. Nor is it dispositive that the Court, upon preliminary review of the papers, initially requested from Plaintiff a proposed order granting the motion. ECF No. 15.

2

*Douglas*, 2010 WL 1734903, at *2. Generally, however, it means an activity carried on "for the purpose of livelihood or profit *on a continuing basis*." *Nakasone v. Randall*, 129 Cal. App. 3d 757, 764 (1982) (emphasis added).

As the Court indicated on September 24, 2019 (ECF No. 17), a review of the record did not reveal any obvious connection between Defendant's conduct as the Executor and his engagement in a trade, business or profession. To the contrary, there is information in the record that suggests Defendant was merely a relative of the decedent in the underling estate dispute. ECF No. 8-3 at 35 of 62. While it appears to be undisputed in the underlying Estate Action that Defendant drafted the will for the decedent, nothing suggests he is regularly engaged in estate planning. *Id*. at 51 of 62 (indicating that Defendant conceded he did not have an attorney review the will he drafted).

The Court has reviewed Plaintiff's supplemental brief and finds that Plaintiff has not met its burden in establishing entitlement to a writ of attachment. *See Loeb and Loeb*, 166 Cal. App. 3d at 1116. Plaintiff argues it has a commercial claim that arises out of Plaintiff and Defendant's business transaction. ECF No. 18 at 5. Plaintiff cites to a prior declaration stating, "[*Plaintiff*] is a commercial surety in the business of issuing surety bonds, including contract payment and performance surety bonds." ECF No. 18 at 3 (citing ECF No. 8-3 ¶ 3) (emphasis added). Plaintiff also asserts the sheer amount of the indemnity demonstrates that the claim is commercial in nature. *Id.* ("the bond issued was for $1,020,000; **over a million dollars!**") (emphasis in original).

Nowhere in Plaintiff's supplemental briefing explains how the claim arises out of the *Defendant*'s conduct of a continuing "trade, business, or profession." *See* Cal. Civ. Proc. Code § 483.010(c); *Nakasone*, 129 Cal. App. 3d at 764 (noting what constitutes "trade, business or profession" generally means an activity carried on "for the purpose of livelihood or profit on a continuing basis."). The Court will only address Plaintiff's cited authorities involving defendants who are natural persons.[2]

---

[2] Plaintiff cites several cases that do not answer the Court's question as stated in its September 24, 2019 order. ECF No. 17.

In *Nakasone*, the court held that the plaintiff failed to sustain his burden of showing that the underlying claim arose from the defendant's conduct of a trade, business, or profession where defendant allegedly told another party she was a "real estate broker" and merely owned property for 30 years. *Nakasone*, 129 Cal. App. 3d at 764-65. Even assuming the defendant was a real estate broker, the court reasoned that the evidence demonstrated that the "property personally owned by her was sold strictly for her own account." *See id.* at 765. Therefore, the court reversed the trial court's grant of a writ of attachment. *See id.*

In *Great American Insurance Company v. National Health Services, Inc.*, the court affirmed a grant of a writ of attachment against an individual defendant who was the majority shareholder and sole owner of the relevant companies, reasoning the defendant's ownership made it "fair to describe [defendant's] trade or business as that of a business investor." *Great Am. Ins. Co. v. Nat'l Health Servs., Inc.*, 62 Cal. App. 3d 785, 794-95 (1976). Likewise, a court affirmed a writ of attachment where the defendants' conduct arose from their "active ongoing business whose purpose was to generate profits that would provide a stream of income to the [defendants'] family"). *See Travelers Cas. and Sur. Co. of Am. v. J.K. Merz Constr., Inc.*, No. C 07-00770 WHA, 2007 WL 4468680, at *5 (N.D. Cal. Dec. 17, 2007).[3]

The Court has also reviewed other cases involving claims arising from "conduct by the [natural person] defendant of a trade, business, or profession." *See Construction Laborers Trust Funds for So. Cal. Admin. Co. v. Dominguez*, No. CV 17-7164, 2017 WL 5633031, *5 (C.D. Cal. Nov. 21, 2017) (holding claim arose from conduct by defendant of a trade, business, or profession where Defendant did

---

Moreover, Plaintiff cited cases involving corporate defendants. Those cases are inapposite when the issue here is whether the claim "arises out of the conduct by the defendant of a trade, business, or profession." Cal. Code Civ. Proc. § 483.010(c).

[3] Plaintiff also cites two cases that did not analyze the "trade, business, or profession" question presented here. Nonetheless, the facts in those cases show that the individual defendants were engaged in starting or continuing business ventures. *See, e.g.*, *Gen. Ins. Co. of Am. v. Singleton*, 40 Cal. App.3d 439 (1974) (defendants were stockholders, officers and directors of corporation involved in high-rise construction project); *Safeco Ins. Co. of Am. v. Schwab*, 739 F.2d 431 (9th Cir. 1984) (involving defendants who sought to operate a distillery).

4

not challenge he was bound to submit fringe benefit contributions to Plaintiff for each hour worked by *his employees*); *Douglas v. Smith*, No. SACV 09-1365, 2010 WL 1734903, *3 (C.D. Cal. Apr. 28, 2010) (holding writ of attachment may issue where defendants guaranteed real property-related obligations on numerous occasions for up to hundreds of millions of dollars and done to benefit company that was an active and ongoing business).[4]

Again, nothing in Plaintiff's filings demonstrates that the claim arose from *Defendant* engaging in activities "for the purpose of livelihood or profit on a continuing basis." *Nakasone*, 129 Cal. App. 3d at 764. Instead, Plaintiff incorrectly frames the issue as "*Great American* is in the business of making money from the sales of these bonds to persons such as Defendant Cassinetto." ECF No. 18 at 5 (emphasis added). Therefore, Plaintiff has not met its burden in establishing entitlement to a writ of attachment where Plaintiff failed to demonstrate the claim "arises out of the conduct by the *defendant* of a trade, business, or profession." Cal. Civ. Proc. Code § 483.010(c) (emphasis added). Accordingly, Plaintiff's motion for the right to attach order and order for issuance of the writ of attachment is DENIED.

IT IS SO ORDERED.

Dated: __**October 4, 2019**__          _____/s/ Lawrence J. O'Neill_____
                                        UNITED STATES CHIEF DISTRICT JUDGE

---

[4] The Court has also located two unpublished California Court of Appeal decisions granting writs of attachment where claims arose from defendants' business ventures. *See, e.g.*, *Herrera v. Lopez*, No. E048462, 2010 WL 2525552, *2 (Cal. Ct. App. June 23, 2010) (affirming grant of writ of attachment where claim arose from sale of stock in business previously owned by Plaintiff and Defendant); *Pac. W. Bank v. Stull*, No. E050551, 2011 WL 664017, *7 (Cal. Ct. App. Feb. 24, 2011) (affirming grant of writ of attachment where substantial evidence demonstrated claim was based on defendant actively managing and expanding his property management business).

5